829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy F. WHEELER, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 86-2644
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1987.
Decided August 28, 1987.
 
 Paul Rodney Schlitz, Jr. (Robert R. Jenkins; Timothy E. Mering; Jenkins & Block, P.A., on brief), for appellant.
 Pamela Darville, Office of the General Counsel, Department of Health & Human Services (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; March R. Schwartz, Assistant Regional Counsel; William A. Kolibash, United States Attorney; Betsy C. Steinfeld, Assistant United States Attorney, on brief), for appellee.
 Before SPROUSE and CHAPMAN, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Roy Wheeler appeals from the district court's order affirming the Secretary's decision denying his claim for Disability Insurance and Supplemental Security Income benefits. 42 U.S.C. Secs. 423, 1382. The district court held that substantial evidence supports the Secretary's finding that Wheeler is capable of performing sedentary work. On appeal, Wheeler challenges the evidentiary support for the Secretary's determination that his back pain does not rise to the level of a non-exertional impairment. He also contends that the district court impermissibly engaged in de novo fact finding. We affirm the judgment of the district court.
 
 
 2
 Wheeler is a thirty-three-year-old former welder and heavy equipment operator who suffers from multilateral degenerative disc disease of the lumbar spine. After surgery in 1982 to remove ruptured discs, Wheeler unsuccessfully attempted to return to his past work as a heavy equipment operator. Back pain, however, prevented Wheeler from doing this work, and his treating physician advised him to pursue vocational training for 'light, sedentary work.' Since his 1982 surgery, Wheeler occasionally has been bedridden, and has taken percodan and butazolidin for his back pain.
 
 
 3
 In 1984, Wheeler filed a claim for Disability Insurance and Supplemental Security Income benefits, alleging disability due to back problems, arthritis, and numbness in the right foot and leg. After an initial denial of his claim, Wheeler received an evidentiary hearing before an Administrative Law Judge. He presented physicians' reports and testified that he is able to stand for fifteen to twenty minutes at a time, sit from one-half hour to two hours, walk a quarter mile on level ground, and lift thirty pounds. He also stated that he experiences constant back pain, but that 'it lets up' in certain positions. The medical evidence consisted of reports from Wheeler's treating physician--Dr. Ervin E. Hess, and from Dr. Robert H. Schmidt, whom Wheeler saw for an orthopedic consultative examination. Dr. Hess' reports disclosed that Wheeler cannot lift over thirty to forty pounds, but that he is capable of performing light, sedentary work. Dr. Schmidt reported that he is able to forward flex to ninety degrees, laterally flex to forty-five degrees, and that although he cannot perform work involving heavy labor, his condition amounts to only a twenty percent disability of the whole body.
 
 
 4
 The ALJ considered the evidence of pain and found the following:
 
 
 5
 The record indicates that he continues to experience residual back pain secondary to his surgery and post-operative changes; however, the undersigned does not find that this pain is such as to render the claimant disabled for all work activity. Physical examinations have not revealed any marked limitation of motion of the lumboscarial spine, nor any paravertebral muscle spasm. While some diminished sensation in the right leg and decreased right ankle jerk were noted, there was no evidence of any motor abnormalities or muscle wasting. Straight leg raising showed only hamstring tightness. Dr. Hess, the claimant's orthopedic surgeon, has indicated that the claimant could not perform heavy lifting, prolonged standing, or continuous bending or holding of the spine in a flexed or rotary position, but he has repeatedly remarked that the claimant was capable of light sendentary [sic] work. Such an assessment is consistent with the consultative examination report of Dr. Schmidt, as well as the claimant's testimony that he could not stand or bend very much but could lift up to 30 pounds. Moreover, the claimant indicated that this pain was exacerbated primarily by physical activity (such as lifting, etc.) and that medication (Norgesic-Forte) at least partially relieved his pain. Also, Dr. Hess has stated that further surgery was not being advised as long as the claimant was reasonably active and comfortable.
 
 
 6
 On the basis of all the evidence, the ALJ found that Wheeler is unable to perform his past work as a welder and heavy equipment operator, but that he possesses the residual functional capacity to perform the full range of sedentary work. 20 C.F.R. 404.1567(a). Applying the appropriate grid rules for Wheeler's age, education, and work experience, the ALJ concluded that Wheeler is not disabled. 20 C.F.R. 404, Subpt. P., App. 2, Table No. 1, Rule 201.28 (1986).
 
 
 7
 After the Appeals Council denied Wheeler's request for review of the ALJ's decision, Wheeler filed the present action in the United States District Court. After reviewing the record evidence, the United States Magistrate recommended that the Secretary's decision be affirmed. The district court adopted the Magistrate's recommendation and affirmed the Secretary's decision.
 
 
 8
 Our review of the record discloses substantial evidence supporting the Secretary's findings that Wheeler could perform the full range of sedentary work and that his pain did not impair this ability. We therefore find no error in the application of the grid rules and no merit to Wheeler's contention that the district court improperly engaged in de novo factfinding. Accordingly, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.